UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Greg Clark,                                                Case No. 5:21-cv-226

         Petitioner

         v.                                                   MEMORANDUM OPINION AND
                                                           ORDER

Warden Tom Schweitzer,

         Respondent

         *Pro se* Petitioner Greg Clark, an Ohio prisoner incarcerated in the Madison Correctional Institution, has filed a Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2254. (Doc. No. 1.) He challenges his conviction in the Summit County Court of Common Pleas on charges of rape, attempted rape, and arson.

         A district court must examine a *habeas* petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Habeas Corpus Cases; *see also* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

         Upon review, I find that the Petition must be dismissed.

         Before a federal court may grant *habeas* relief to a state prisoner, the prisoner must fully exhaust the state-court remedies available to him. 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A *habeas* petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court

1

remedies with respect to the claims he seeks to present for federal *habeas corpus* review. *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir. 1987).

Here, Petitioner does not demonstrate that he has properly and fully exhausted his state-court remedies. Petitioner asserts three grounds for relief in his Petition, but he indicates he has not presented his claims to the Ohio Supreme Court. He contends he did not directly appeal his conviction, or present the claims he asserts in his Petition, to the Ohio Supreme Court, due to "time constraints." (*See* Doc. No. 1 at 5, ¶ 11(e); at 7, ¶(b), at 9, ¶(b). This is insufficient to demonstrate exhaustion for purposes of federal *habeas corpus* review. If a *habeas* petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. *See* 28 U.S.C. § 2254(b), (c).

Accordingly, in that Petitioner indicates he has not fully exhausted his state remedies, the Petition is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. This dismissal is without prejudice to Petitioner's re-filing a proper petition in a subsequent case upon a demonstration of full exhaustion. I further certify that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge